THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GINA BOWERMAN                                                                    PLAINTIFF

v.                             CIVIL NO. 23-05050

MARTIN J. O'MALLEY, Commissioner                        DEFENDANT
Social Security Administration

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Gina Bowerman, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**  **Procedural Background:**

Plaintiff protectively filed her application for DIB on October 29, 2020, alleging an inability to work since August 5, 2019, due to: stroke, COPD, PTSD, anxiety, and depression. (Tr. 12, 226). An administrative hearing was held via telephone on January 18, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 56–78). A vocational expert ("VE") also testified. *Id*.

On March 28, 2022, the ALJ issued an unfavorable decision. (Tr. 33–55). Plaintiff's counsel submitted additional evidence on March 31, 2022. (Tr. 12, 2853–2876). The ALJ considered the additional evidence and issued an amended unfavorable decision on April 11, 2022. (Tr. 9–32). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: COPD, PTSD, anxiety disorder, and major

depressive disorder. (Tr. 14–16). The ALJ found Plaintiff also suffered from the nonsevere impairments of obesity, transient ischemic attack, sleep apnea, restless legs syndrome, lower extremity edema/venous insufficiency, and atrial flutter. After reviewing all evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15–16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to

> [P]erform light work as defined in 20 CFR 404.1567(b) except she must avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation, and hazards such as dangerous machinery and unprotected heights. In addition, she is limited to work consisting of simple, routine, and repetitive tasks, involving only simple work-related decisions with few, if any, workplace changes; no more than incidental contact with co-workers and the general public; and supervision that is direct and concrete.
> (Tr. 17–25).

With the help of a VE, the ALJ determined that Plaintiff was unable to perform any of her past relevant work but would be able to perform the representative occupations of inspector and hand packager, price marker, and small products assembler. (Tr. 25–26). The ALJ found Plaintiff had not been under a disability, as defined by the Act, from August 5, 2019, through April 11, 2022, the date of the unfavorable decision. (Tr. 26–27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which was denied on February 1, 2023. (Tr. 1–3). Subsequently, Plaintiff filed this action. (ECF No. 2). The parties have filed appeal briefs, and this case is before the undersigned for report and recommendation pursuant to 28 U.S.C. §36(b). (ECF Nos. 10, 12). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). So long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial

3

gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). The fact finder only considers Plaintiff's age, education, and work experience in light of his or her residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. § 404.1520(a)(4)(v).

### III.     Discussion

Plaintiff raises the following issues in this matter: 1) whether the ALJ erred in failing to fully and fairly develop the record, as the nonexamining physician opinions were based upon only the medically determinable impairments of respiratory impairments and depression, omitting chronic venous insufficiency; 2) whether the ALJ erred at step two by failing to find Plaintiff's peripheral vascular disease and morbid obesity met the severity requirements; 3) whether the ALJ erred by failing to properly consider Plaintiff's subjective complaints of pain; and 4) whether the ALJ erred in his RFC determination. (ECF No. 10). Defendant argues the ALJ fulfilled his investigative duty, did not err at step two, properly evaluated the opinion evidence, and that the RFC findings were consistent with the record as a whole. (ECF No. 12).

At the hearing, Plaintiff testified that the reason she stopped working was the degree of swelling she was experiencing in her legs, which prevented her from wearing socks. (Tr. 60). Plaintiff testified that she continued to experience swelling and sores from the swelling at the time of the hearing, which was held in January of 2022. Plaintiff also testified that she was attending pulmonary rehabilitation and had difficulty performing the exercises due to swelling in her lower

4

extremities that required her to sit down. (Tr. 70). After attending pulmonary rehabilitation, Plaintiff testified she would spend the rest of the evening with her feet elevated.

While it is not reversible error to fail to find an impairment severe at step two, so long as said impairment is considered in the RFC assessment; failure to find an impairment severe at step two, and then failing to consider the effect of the impairment on Plaintiff's RFC is reversible error. *See Misty G. v. Berryhill*, 0:18-CV-00587-KMM, 2019 WL 1318355 (D. Minn. Mar. 22, 2019); *Coleman v. Astrue*, No. 4:11CV2131 CDP, 2013 WL 665084, at *10, 20 (E.D. Mo. Feb. 25, 2013) (finding the ALJ's failure to find Coleman's back pain a severe impairment, and then failing to consider the effect of her back pain in combination with her other severe impairments was reversible error). In the present case, the ALJ considered Plaintiff's lower extremity edema/venous insufficiency at step two and found it to be a nonsevere impairment. In the RFC determination, the ALJ found that Plaintiff would not suffer limitations from this impairment beyond discomfort as physical exams usually showed no edema or swelling in her lower extremities. (Tr. 14, 23). However, despite undergoing right saphenous vein radiofrequency ablation in October of 2019, Plaintiff's diagnoses continued to include varicose veins of both legs with edema through August 26, 2021. (Tr. 389, 444–446, 457–58, 467, 471-72, 1889). While Plaintiff did experience some relief of her symptoms following ablation on her right leg, she continued to experience lower extremity swelling through August 26, 2021. (Tr. 389, 444–446, 1886–89). The ALJ did consider opinion evidence from nonexamining physicians Dr. Jerry Thomas and Dr. Lisa Lowery, however neither of these physicians explicitly considered the impact of Plaintiff's chronic venous insufficiency or lower extremity edema upon her RFC, including the necessity of a sit/stand accommodation or accommodations to allow her to elevate her legs. (Tr. 83–88, 100–106). The ALJ erred in failing to properly develop the record regarding Plaintiff's swelling and in failing to

consider the impact of Plaintiff's swelling on her RFC. Accordingly, the undersigned finds that the ALJ's RFC determination is not supported by substantial evidence.

On remand, the ALJ is directed to clarify his RFC findings, specifically addressing Plaintiff's bilateral lower extremity impairments. The ALJ is directed to address interrogatories to a qualified physician requesting that said physician review all of Plaintiff's medical records; complete an RFC assessment regarding Plaintiff's capabilities during the time period in question; and provide the objective basis for the assessment so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### IV.     Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of January 2024.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE