IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**GINA G. BOWERMAN**                                                                 **PLAINTIFF**

**V.**                               **CASE NO. 5:23-CV-5050**

**COMMISSIONER,**
**Social Security Administration**                                                    **DEFENDANT**

## OPINION AND ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 13) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, regarding Plaintiff Gina G. Bowerman's request for judicial review of the decision to deny her claim for supplemental security income benefits under the provisions of Title XVI of the Social Security Act. The Administrative Law Judge ("ALJ") who reviewed Ms. Bowerman's case on administrative appeal determined that she was capable of performing light work with limitations and was not disabled. Ms. Bowerman appealed that decision to this Court.

The Magistrate Judge recommends remanding the case to the Commissioner to more fully develop the record regarding a condition identified variously as "lower-leg edema," "lower-leg swelling," or "veinous insufficiency." Ms. Bowerman testified before the ALJ in January 2022 that this condition restricted her ability to remain on her feet and required her to sit for periods of time and elevate her legs. (Doc. 8, p. 65). Ms. Bowerman underwent a vein ablation procedure on her right leg in October 2019, which at the time improved the condition of this leg. However, her medical records following that procedure contain contradictory reports about the persistence of this condition. *Compare* Doc. 8-4,

p. 448 (September 2021, "No pedal edema."), *with* Doc. 8, p. 394 (July 2020, "lower ext[remity] edema comes and goes . . . swelling around the ankles"), *and* Doc, 8-1, p. 411 (March 2021, "She went to her PCP today who has ordered some test[s], she is having increased swelling in her legs and shortness of breath."), *and id.* at pp. 387 & 390 (May 2021, "She does have palpitations and leg swelling."; "Positive for palpitations and leg swelling."), *and id.* at p. 789 (August 2021, "[S]he is having some swelling in both legs."). Further, in October 2020—a year after Ms. Bowerman's right leg vein ablation procedure—Ms. Bowerman's physical therapist directed her to perform exercises designed "to address decreased activity tolerance, decreased range of motion, decreased strength, *gait disturbance* and pain." *Id.* at p. 458 (emphasis added). These exercises were to target, at least in part, "[e]dema [r]eduction." *Id.*

The ALJ reviewed the medical records and consulting doctor reports and determined that this condition was not severe. *See* Doc. 8, p. 19. Though he noted that Ms. Bowerman "complained of significant lower extremity edema that occurred when she was on her feet or sitting for periods of time," he determined that her "physical exams usually showed no edema or swelling in her lower extremities." *Id.* at p. 28. The law allows an ALJ the discretion to deem a physical ailment non-severe, so long as the ailment is considered when assessing the claimant's residual functional capacity ("RFC"). *See Igo v. Colvin*, 839 F.3d 724, 730 (8th Cir. 2016). In the Magistrate Judge's view, Ms. Bowerman's RFC was not supported by substantial evidence because the ALJ failed to properly develop the record regarding the leg-edema condition and failed to adequately consider that condition's impact on the RFC. The Magistrate Judge recommended the

2

following on remand:

> [T]he ALJ is directed to clarify his RFC findings, specifically addressing Plaintiff's bilateral lower extremity impairments. The ALJ is directed to address interrogatories to a qualified physician requesting that said physician review all of Plaintiff's medical records; complete an RFC assessment regarding Plaintiff's capabilities during the time period in question; and provide the objective basis for the assessment so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

(Doc. 13, p. 6) (citation omitted).

On January 12, 2024, the Commissioner filed Objections to the R&R (Doc. 14). The Commissioner disagrees that the record supports any restrictions related to lower-leg edema and maintains that the Magistrate Judge's citations to the medical record "largely" referred to Ms. Bowerman's medical visits in "April, May, and August 2019, prior to the ablation procedure and improvement." (Doc. 14, p. 3).

Though the ALJ's decision contradicts Ms. Bowerman's testimony and some of the medical evidence, these contradictions are not sufficient for reversal and remand. The Court may not reverse simply because substantial evidence exists in the record that could have supported a different outcome, or because the Court could have decided the case differently. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir.2010). Specifically, "[s]ubjective complaints may be discounted if there are inconsistencies in the evidence as a whole." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (internal quotations

marks omitted). Here, the ALJ considered Ms. Bowerman's complaints and found that they were not "entirely consistent" with treatment and medical records. (Doc. 8, p. 28).

Additionally, though there is medical evidence of edema and leg swelling that could support additional limitations beyond the current RFC, there is substantial evidence that Ms. Bowerman's "physical exams usually showed no edema or swelling in her lower extremities." *Id.*; *see Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (Substantial evidence exists when a reasonable mind would accept the evidence as "adequate to support a conclusion." (citations omitted)). In some cases, evidence may so contradict the ALJ's conclusion that it becomes clear the conclusion is not based on substantial evidence on the record as a whole (i.e., it suggests the ALJ did not consider certain impairments), but that is not the case here. In the RFC discussion, the ALJ cites a doctor's visit from July 2020, where Ms. Bowerman complained of—but the doctor's exam did not find—edema and leg swelling. (Doc. 8, p. 25). The ALJ also cited a doctor's visit from August 2021, where an exam showed no significant edema, but her diagnosis still included "varicose veins of both legs with edema." *Id.* at p. 26. Further, the ALJ's language that the exams "*usually* showed no edema or swelling" indicates consideration of the record as a whole, including the medical evidence identified in this Order that the ALJ did not explicitly discuss. *Id.* at p. 28 (emphasis added). "Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted." *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998).

Overall, the ALJ's discussion shows that he weighed all the medical evidence, including several exams that reported no edema or swelling, Ms. Bowerman's subjective

4

complaints, and Ms. Bowerman's testimony regarding her day-to-day capabilities. *See* Doc. 8, pp. 23–30. Based on this, the ALJ found that Ms. Bowerman retains the RFC to perform light work with certain limitations. *Id.* at p. 22. Whether this Court agrees with the ALJ's decision is of no moment. "If substantial evidence supports the decision, then [the Court] may not reverse, even if inconsistent conclusions may be drawn from the evidence, and even if [the Court] may have reached a different outcome." *McNamara*, 590 F.3d at 610. Here, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole.

Accordingly, **IT IS ORDERED** that the Commissioner's Objections (Doc. 14) are **SUSTAINED**. The Court **DECLINES TO ADOPT** the Magistrate Judge's R&R (Doc. 13), and the decision of the ALJ is **AFFIRMED**.

Judgment will enter concurrently with this Order.

**IT IS SO ORDERED** on this 31st day of March, 2024.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

5